1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARY HARRELL,                                )       No. C 15-4850 JSW (PR)
                                             )
                   Petitioner,               )       **ORDER TO SHOW CAUSE**
                                             )
      vs.                                    )
                                             )
RON DAVIS,                                   )
                                             )
                   Respondent.               )
                                             )
_____             )

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of the decision by the California Board of Parole Hearings ("Board") that Petitioner is ineligible for release. He has paid the filing fee.

## BACKGROUND

Petitioner was convicted in Orange County Superior Court of murder in 1997. He was sentenced to a term of seven years to life in state prison. The Board has repeatedly found him unsuitable for parole. Petitioner has filed habeas petitions in all three levels of the California courts challenging the Board's decision. These habeas petitions were

denied.  The instant federal habeas petition followed.

**DISCUSSION**

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

II.   Legal Claims

Petitioner's five claims challenging the Board's actions on federal constitutional grounds are, when liberally construed, cognizable.  Therefore, an answer from Respondent is warranted.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The Clerk shall serve a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

2.  Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **twenty-eight (28)** days of the date the answer is filed.

3.  Respondent may, within **ninety-one (91) days**, file a motion to dismiss on

procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  January 28, 2016

_____
JEFFREY S. WHITE
United States District Judge